Judge Coalter
delivered his opinion, in which the other Judges concurred. *
Richard Wood the appellee, and David Hays the appellant, on the 9th of October, 1815, purchased a tract of land from John Wood, for the consideration of $4000, payable, as mentioned in the articles of agreement, entered into between them, on that day.
The bill alleges, that the appellee had paid more than his moiety of the purchase money; but that the appellant had received a title for the whole land. He therefore prays, that the appellant máy be decreed to re-pay the surplus, and convey the moiety of the land. The answer *274 alleges, that the appellant, in 1S15, made a verbal agreement to purchase the land of John Wood, on his own account, but finding that he was unable to furnish all the property, paper, &c. necessary to make the first payment, and wanting some one to be responsible with him for the deferred payments, he entered into a verbal agreement with the appellee, that he should aid him; and if the appellant could sell the land in a short, time, the appellee should have one half of the profits, and if not, that he would pay him back his advances, and keep the land; and in consequence of this, the. written agreement aforesaid was entered into; and, as a better security for his performance, the agreement was to be deposited in the hands of captain John Field: that the appellee did make certain advances towards the purchase, &c but afterwards agreed, that if the appellant would pay him the amount which he had advanced, he would give up all claim to the land, which he agreed to, and paid various, sums to him, and orders he drew on him, &c. so as fully to reimburse his advances: that the appelleé is in his debt on other accounts, &c. He admits, that he obtained a conveyance for the whole tract, but denies that it was fraudulently obtained, as charged in the bill; and should the Court direct an account, he prays that, the balance due him, may be decreed, &c.
Taking it that these verbal agreements could have been proved, and were proved, which is not admitted; the appellee would have been entitled to a lien on, the land, for the purchase money adyanced by him, and not re-paid by the appellant; and in amending the bill according to this statement, the Court clearly would have had jurisdiction to settle the accounts, and decree payment, &c But, without amending the bill, so as to subject the land as aforesaid, (which the appellee had a right to do, admitting that the statements in the answer are true,) the parties consent that the accounts should be taken, and a balance appearing due from the appellant, a personal decree is rendered against him for that balance. This it was competent for them to *275 do; and this personal decree alone, when it might have been made to extend to the land, is beneficial to the appellant, and ought not to oust the Court of Equity, of itslegitimate jurisdiction in this case.
On this ground, I perceive no error in the decree, so far as it regards the jurisdiction of the Court.
But it is said, that the exception by the appellant to the commissioner’s report, ought to have been sustained. I have examined the accounts- with considerable attention, and am not satisfied that the Court erred in this respect.
I think, therefore, that the decree ought to be affirmed.
Decree affirmed.

 The Phesibetst and Judge Cabeli, absent